ISIDORE WEISSMAN, Plaintiff, *v.* M. & M. TRANSPORTATION COMPANY et al., Defendants.

Supreme Court, Trial Term, New York County, May 17, 1948.

*Maurice Jay Bronstein* and *Joseph Rothbard* for plaintiff.

*David Tepp, Thomas C. Cusack* and *Harold Weiss* for M. & M. Transportation Company, defendant.

*Robert Sheller* for Howard S. Liebman, defendant.

DICKSTEIN, J. This action was brought to recover damages sustained by the plaintiff who was a passenger in an automobile owned and operated by one of the defendants, which came into collision with a vehicle owned by the other defendant. There was no question of contributory negligence and, after trial, the jury found a verdict in favor of the plaintiff against both defendants. The trial lasted several days and on the last day of the trial a physician, who was a wholly disinterested party, testified for the plaintiff as to his physical condition. The defendants moved for a mistrial upon the ground that two of the jurors had conversed with this witness in the courthouse elevator at a time when they were leaving the courtroom for a luncheon recess.

Testimony concerning the substance of the talk was taken in chambers in the presence of the court and counsel for the respective parties. This testimony was given by an investigator for one of the defendants who claimed to have overheard the conversation. By consent of counsel for the parties the court also took testimony of the jurors in question in the absence of counsel, which testimony was thereafter read to the counsel by the stenographer. Neither the investigator for the defendants nor any other party made any claim or even hinted that whatever was spoken between the witness and the jurors related to or concerned itself in any manner with the facts or circumstances of any of the issues before the court and jury.

The court is convinced that whatever was said was said unintentionally and was entirely harmless and that whatever was spoken was without a thought of impropriety in so doing. It could not possibly influence the jurors' verdict and might be characterized as no more than a fleeting incident, although not to be encouraged or sanctioned as a general practice. As was said by the court in the case of *Werner* v. *Interurban Street Ry. Co.* (99 App. Div. 592, 595): " ' It frequently happens, however, in civil cases, during the recess of the court, parties and jurors are casually thrown together at hotels, and on the highway and other public places, and converse upon indifferent topics *without a thought of impropriety* in so doing. These conversations have *never* been considered as sufficient *of themselves* to set aside a verdict.' " (Italics supplied.)

The court has given consideration to the cases cited by defendants in support of their motion to set aside the verdict but finds that all of these cases relate to a situation where either the jury was tampered with or improperly approached by the parties, their counsel or their witnesses. Such, of course, was not the situation in the case at bar.

The motion for a mistrial is denied. The motion made to set aside the verdict and for a new trial, made after the rendition of the verdict, is likewise denied. The plaintiff's injuries consisted of a fracture of the base of the skull, concussion, lacerations and swelling of the brain, five fractured ribs, lacerations over the eye necessitating four sutures and also complete loss of hearing in the left ear. He still suffers and is likely to suffer permanently from headaches, dizziness, sleeplessness, depressiveness and irritability, and rigidity and immobility of his head, and neck and is obliged to constantly use drugs and sedatives. A verdict in his favor of $35,000 is, therefore, not excessive. Thirty days' stay; sixty days to make a case.